UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
NATIONWIDE MUTUAL FIRE INSURANCE :
COMPANY as subrogee of PKNY Properties :
Group, LLC, :
:
                        Plaintiff, :
: **OPINION AND ORDER**
            -against- :
: 18 CV 9384 (VB)
:
POK ACADEMY, LLC; URBAN GREEN :
BUILDERS, LLC; URBAN GREEN :
EQUITIES, LLC; URBAN GREEN EQUITIES :
II, LLC; and CITY OF POUGHKEEPSIE, :
                        Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Nationwide Mutual Fire Insurance Company ("Nationwide"), as subrogee of PKNY Properties Group, LLC ("PKNY"), brings this action against defendants POK Academy, LLC ("POK Academy"); Urban Green Builders, LLC; Urban Green Equities, LLC; Urban Green Equities II, LLC ("Urban Green Equities II"); and the City of Poughkeepsie.

      Now pending is a motion to dismiss the complaint pursuant to Rule 12(b)(1) filed by defendants POK Academy and Urban Green Equities II. (Doc. #25).

      For the following reasons, defendants' motion to dismiss is DENIED.

      The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

## BACKGROUND

      For purposes of ruling on a motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint, as summarized below.

      Plaintiff is an insurance company incorporated in Illinois with its principal place of business in Ohio. Plaintiff issued a policy of insurance to non-party PKNY, which owned the

1

property at 17 Academy Street in Poughkeepsie. The insurance policy provided coverage for PKNY's building and property.

Defendants POK Academy, Urban Green Builders, Urban Green Equities, and Urban Green Equities II owned, managed, or controlled the building and property located at 19 Academy Street, the neighboring parcel. Defendants are all alleged to be citizens of New York, and defendants do not contend otherwise. The City of Poughkeepsie, where the buildings are located, is charged with ensuring the safety of buildings and other structures under its building code.

At about 4:00 p.m. on June 18, 2018, the building at 19 Academy Street collapsed onto PKNY's building at 17 Academy Street, destroying the 17 Academy Street building. In addition to the destruction of the building and the loss of the property within, PKNY also incurred costs in connection with the emergency response to the collapse and subsequent debris removal. Plaintiff alleges PKNY sustained no less than $689,000 in damages.

After the collapse, PKNY submitted an insurance claim to plaintiff. In accordance with the policy, plaintiff paid more than $689,000 to PKNY or on its behalf.

Plaintiff, as subrogee of PKNY, brings negligence claims against defendants and seeks damages, including costs for the building and personal property, debris removal, emergency response, and loss of business income, plus interest and costs.

## DISCUSSION

I.  <u>Legal Standard</u>

Because "federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress," <u>Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont</u>, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation

omitted), "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it," Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (internal quotation omitted). The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

When, as here, the case is at the pleading stage, in deciding a motion to dismiss under Rule 12(b)(1), the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Conyers v. Rossides, 558 F.3d at 143. But "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order) (quoting Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992)). The court may also refer to evidence outside the pleadings. Krechmer v. Tantaros, 747 F. App'x 6, 10 (2d Cir. 2018) (summary order).

II. Lack of Diversity

Defendants argue the parties to the suit are not diverse, and therefore, the Court lacks subject matter jurisdiction.

The Court disagrees.

A district court has jurisdiction over suits between citizens of different states, assuming the requisite amount in controversy. See 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required; that is, diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff. St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978)).

For purposes of diversity jurisdiction, the parties "must be real and substantial parties to the controversy." St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, 409 F.3d at 80 (quoting Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460 (1980)). It is well established that a subrogee-insurer qualifies as a real party in interest. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 380 (1949). "An insurer has a right of subrogation, or, in other words, that it can stand in the shoes of its insured to seek repayment from a third party whose wrongdoing caused the loss to the insured which the insurer was obligated to cover." Harleysville Worcester Ins. Co. v. Hurwitz, 2005 WL 774166, at *5 (S.D.N.Y. Apr. 6, 2005) (internal quotation marks omitted). Indeed, "[i]f the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name." United States v. Aetna Casualty & Surety Co., 338 U.S. at 380–81 (emphasis added). In that case, "it is the citizenship of the subrogee-insurer and not that of the insured which controls in analyzing whether parties are diverse." Royal Ins. Co. of Am. v. United States, 998 F. Supp. 351, 353 (S.D.N.Y. 1998) (emphasis added).

Here, plaintiff alleges it paid PKNY's entire loss pursuant to its insurance policy, and therefore, plaintiff is the only real party in interest. The Court agrees. Since plaintiff is a citizen of Illinois and Ohio, and defendants are alleged to be citizens of New York, there is complete diversity, and the Court has subject matter jurisdiction.[1]

---

[1] Defendants argue plaintiff has only partially subrogated PKNY's loss because PKNY, a defendant in a state court action, may face a future judgment that plaintiff may be obligated to cover pursuant to the underlying policy. As a result, defendants argue, PKNY must be joined in this action, and PKNY's joinder destroys diversity jurisdiction. Even if the Court were to credit this speculative theory of "future subrogation" (and the Court refuses to do so), that would only mean PKNY also has a stake in the outcome of the instant case. It does not mean PKNY is an indispensable party and must be joined to this action. See St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, 409 F.3d at 81. Therefore, even if plaintiff has only partially subrogated PKNY's losses, the Court has subject matter jurisdiction.

Accordingly, defendants' motion to dismiss for lack of subject matter jurisdiction must be denied.

III. <u>Transfer to State Court</u>

Defendants' request that the Court transfer the instant action to state court to be consolidated with a pending state court case is also denied.

"[F]ederal courts lack the power to transfer originally commenced federal actions to a state court." <u>Buffalo Biodiesel, Inc. v. Schneiderman</u>, 2017 WL 4326103, at *8 (W.D.N.Y. Sept. 5, 2017); <u>see</u> <u>also</u> <u>Pope v. Atl. Coast L.R. Co.</u>, 345 U.S. 379 (1953). Federal courts may only transfer an action to another federal court. <u>Bingham v. Pancake</u>, 2011 WL 1134258, at *1 (W.D. Ky. Mar. 25, 2011) (collecting cases). The Court cannot transfer a pending federal action to state court.

**CONCLUSION**

The motion to dismiss is DENIED.

POK Academy and Urban Green Equities II shall file an answer by May 10, 2019.

The Clerk is instructed to terminate the pending motion. (Doc. #25).

Dated: April 26, 2019
      White Plains, NY

                SO ORDERED:

                _____
                Vincent L. Briccetti
                United States District Judge